IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:93-CR-4-1BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| JOSEPH McCOY POWELL, | ) | |
| Defendant. | ) | |

This matter came before the court on Defendant's oral motion to proceed pro se made at his initial appearance on a motion for revocation of supervised release held on December 16, 2021. Defendant appeared in court on December 16, 2021. Assistant Federal Public Defender David Wicclair was present as the duty attorney from the Office of the Federal Public Defender, and Assistant United States Attorney Aakash Singh was present on behalf of the Government.

## DISCUSSION

The Sixth Amendment provides criminal defendants with the right to assistance of counsel and, impliedly, the right to self-representation. *Faretta v. California*, 422 U.S. 806, 819–21 (1975). A defendant's waiver of the right to counsel must be knowing, voluntary, and intelligent. *Iowa v. Tovar*, 541 U.S. 77, 88 (2004). "Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will

establish that he knows what he is doing . . . ." *Id.* at 89 (quoting *Faretta*, 422 U.S. at 835).

A defendant's right to self-representation is not absolute, however. *Martinez v. Court of Appeal of Cal.*, 528 U.S. 152, 161 (2000). The Government has a compelling interest "in ensuring the integrity and efficiency of the trial," which may outweigh a defendant's "interest in acting as his own lawyer." *Id.* at 162. The court may terminate a defendant's self-representation or appoint standby counsel, even over the defendant's objection. *Id.* Furthermore, the court has broad discretion to determine what assistance may be provided by standby counsel "as long as [standby counsel's] participation does not seriously undermin[e] the appearance before the jury that the defendant is representing himself." *Id.* (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 187 (1984) (quotation marks omitted) (second alteration in original).

At the December 16, 2021, hearing in this matter, the court heard from Attorney Wicclair, counsel for the Government, and Defendant. Attorney Wicclair stated he had spoken with Defendant regarding his desire to represent himself as well as the role of standby counsel, if appointed. In response to questioning by the court, Defendant confirmed his desire to represent himself. Defendant stated that he had obtained a paralegal certification while previously incarcerated, in addition to earning his Associate's degree and GED. He understood the charges against him, the potential penalties, and the applicability of the Federal Rules of Evidence and Federal Rules of Criminal Procedure.

Based on the statements of Attorney Wicclair and the court's colloquy with Defendant, the court finds that Defendant has waived his right to assistance of counsel and that his waiver was clear and unequivocal, knowing, intelligent, voluntary, and timely. Defendant affirmed that he understood he would be required to comply with the court's procedural and evidentiary rules just as if he were a lawyer and that the court would not be able to provide him with advice in connection with any court proceedings. Defendant was articulate in his responses to the court and repeatedly stated he wished to represent himself. The court finds no indication that Defendant's request is made as a delay tactic or to disrupt or manipulate the judicial proceedings. Accordingly, the court finds that Defendant should be allowed, at this time, to represent himself in this matter.

In its discretion, the court also determines that the Federal Public Defender should be appointed as standby counsel. Standby counsel's role shall be an advisory one – "to aid [Defendant] if and when [he] requests help, and to be available to represent [him] in the event that termination of [his] self-representation is necessary." *Faretta*, 422 U.S. at 834 n.46. Standby counsel shall meet initially with Defendant to answer any questions he may have regarding this order and the role of standby counsel. Thereafter, upon Defendant's request, standby counsel shall meet with Defendant, as reasonable, to provide assistance specifically requested by Defendant and consistent with the obligations as a member of this court's bar, including assistance with legal research and obtaining investigatory or other services

3

and preparation for Defendant's revocation hearing. Standby counsel shall attend all hearings in order to assist Defendant in navigating the procedural and evidentiary rules, as well as courtroom protocol, and to provide other assistance as specifically requested by Defendant or as directed by the court.

The court's decision to allow Defendant to represent himself is subject to reconsideration. Defendant is warned that the filing of frivolous motions or obstructionist behavior may result in the termination of self-representation and appointment of counsel over his objection. *See United States v. Johnson*, No. 5:18-CR-267-FL, 2019 WL 4073409 (E.D.N.C. Aug. 19, 2019) (revoking defendant's right to self-representation and appointing counsel where defendant continued to argue jurisdictional issues rejected by the court, thereby impeding the court's ability to proceed with the case and threatening disruption of further proceedings); *United States v. Frazier-El*, 204 F.3d 553, 560 (4th Cir. 2000) (right of self-representation may not be used as a tactic for delay, to disrupt the proceedings, for distortion of the system, or for manipulation of the trial process).

## CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

1. Defendant's oral motion to represent himself is GRANTED, subject to the court's reconsideration as may be warranted;

2. The court hereby APPOINTS the Federal Public Defender as standby counsel to assist Defendant as set forth above; and

4

3. The United States Marshal's Service is directed to serve a copy of this order on Defendant.

This 16th day of December 2021.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge